UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00538-MOC

| | | |
|---|---|---|
| **ALI FAYEZ NASRALLAH,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on Petitioner's Motion to Vacate, Correct, or Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (#1). That Motion includes a declaration by Petitioner and addendum setting forth his grounds for the motion. After conducting an initial review, the court directed Respondent to answer or otherwise respond to the petition (#2). Within the time provided, Respondent filed its Response (#4) and therein asked that the court deny the petition. Respondent filed an affidavit from Petitioner's previously-retained attorney in support of such motion. The following week, Respondent filed a Motion to Amend/Correct its Response (#5), stating that it had inadvertently omitted discussion of a relevant procedural issue in its initial Response. The court granted the Motion to File a Corrected Response (#5) and deemed Respondent's Corrected Response to Petitioner's Motion to Vacate (#5-1) timely filed. Petitioner then timely filed a Reply to Respondent's Corrected Response to Petitioner's Motion to Vacate (#8). Attached to his Reply is another declaration in support of such motion.

Relevant to the underlying motion, Petitioner was charged in a bill of information with conspiracy to traffic and to attempt to traffic in counterfeit goods from 2007 through December

1

2010 in violation of 18 U.S.C. §§ 371, 2320(a) (Count One) and making false statements on his 2008 tax return in violation of 26 U.S.C. § 7206(1) (Count Two). See 3:13-cr-189-MOC, Doc. No. 11. He waived indictment, id. at Doc. No. 13, and entered a guilty plea to both counts of the information. Id. at Doc. No. 12. By his Motion, Petitioner has asserted three claims. First, Petitioner argues that his plea was not knowing and voluntary and that it resulted from prosecutorial misconduct, based on his misunderstanding of the terms of the plea agreement due to language barriers, as well as alleged threats to his family if he refused to sign the agreement. Second, he argues that he received ineffective assistance of trial counsel based on statements made to him by his attorney, including statements regarding the maximum amount of time in prison or on probation that Petitioner would face if he signed the proposed plea agreement. Finally, Petitioner argues that his plea was not knowing and voluntary because he was not afforded the assistance of an Arabic translator during plea negotiations or court proceedings.

By the sworn affidavits before the court, Petitioner and his previously-retained counsel, Peter Verby, who represented Petitioner until his plea was entered but withdrew before Petitioner was sentenced, make competing statements as to several facts relevant to the court's resolution of Petitioner's Motion. Most significantly, Petitioner and his counsel offer competing statements as to: 1) counsel's representations about the maximum sentence Petitioner would face if he cooperated with the government and entered a plea in this case; 2) Petitioner's abilities to understand the English language; 3) statements regarding potential prosecution of Petitioner's family members; and 4) Petitioner's understanding of his waiver of appellate rights.

The court finds that based on the factual discrepancies presented by the parties, an evidentiary hearing is required to determine the merits of Petitioner's claims. See 28 U.S.C. § 2255(b) (providing that an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). While Petitioner is

advised that he is entitled to retain counsel to represent him at the evidentiary hearing, the court will, out of an abundance of caution, appoint counsel for Petitioner for the time being. The court therefore enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court set an evidentiary hearing in this matter on the first appropriate civil motions day at least sixty (60) days from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court appoint counsel for Petitioner in this case. Petitioner is advised that following the appointment of counsel, if he wishes to retain private counsel for the evidentiary hearing, he may do so at his own expense.

**IT IS FURTHER ORDERED** that the Bureau of Prisons and the U.S. Marshals Service are hereby **ORDERED** to transport and produce the body of Ali Fayez Nasrallah for an Evidentiary Hearing at the time and date to be set by the Clerk of Court, before the Honorable Max O. Cogburn, Jr., in the Western District of North Carolina, Charlotte Courthouse, 401 W. Trade St., Charlotte, North Carolina. Upon completion of the Evidentiary Hearing, Petitioner is to be returned to the custody of the Bureau of Prisons.

**IT IS FURTHER ORDERED** that the Clerk certify copies of this Order to the United States Attorney, Petitioner's Counsel, the U.S. Marshal Service, and the U.S. Probation Office.

Signed: February 24, 2016



Max O. Cogburn Jr.
United States District Judge